K175ferP                    plea

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,                New York, N.Y.

4              v.                            19 Cr. 267 (JGK)

5   LEONARDO FERNANDEZ,

6              Defendant.

7   ------------------------------x

8                                           January 7, 2020
                                            11:20 a.m.
9

10  Before:

11                    HON. JOHN G. KOELTL,

12                                          District Judge

13

14                    APPEARANCES

15  GEOFFREY S. BERMAN
         United States Attorney for the
16       Southern District of New York
    BY:  KARIN PORTLOCK
17       Assistant United States Attorney

18  DEL VALLE & ASSOCIATES
         Attorneys for Defendant
19  BY: TELESFORO DEL VALLE , JR.

20  ALSO PRESENT:  MICHAEL KELLY, Detective, NYPD

21

22

23

24

25

K175ferP                        plea

1          (Case called)

2          THE DEPUTY CLERK:  All parties please state who they

3    are for the record.

4          MS. PORTLOCK:  Good morning, your Honor.  Karen

5    Portlock for the government.  I am joined by Detective Michael

6    Kelly with NYPD.

7          MR. DEL VALLE:  Good morning, your Honor.  Ted

8    Del Valle representing Mr. Leonardo Fernandez who is standing

9    to my left.

10          THE COURT:  Good morning.

11          I have a plea agreement dated October 30, 2019.  I

12    have marked it as Court Exhibit 1.  It's an October 30th, 2019

13    letter from the government to Mr. Del Valle, it appears to be

14    signed by government lawyers and appears to be signed by

15    Mr. Fernandez and Mr. Del Valle today, January 7th, 2020.

16          Mr. Del Valle, is that the plea agreement?

17          MR. DEL VALLE:  It is, your Honor.

18          THE COURT:  Okay.  And does the defendant wish to

19    withdraw his previously entered plea of not guilty and enter a

20    plea of guilty to Count One of the indictment?

21          MR. DEL VALLE:  He does, your Honor.

22          THE COURT:  Okay.

23          Mr. Fletcher, please administer the oath to the

24    defendant.

25          THE DEPUTY CLERK:  Mr. Fernandez, please rise.  Raise

K175ferP                    plea

```
 1   your hand.
 2              (Defendant sworn)
 3              THE DEPUTY CLERK:  Put your hand down.  Please state
 4   your full name for the record.
 5              THE DEFENDANT:  Leonardo Fernandez.
 6              THE DEPUTY CLERK:  Please remain standing and speak
 7   into the mic.
 8              THE COURT:  Mr. Fernandez, do you understand that you
 9   are now under oath and if you answer any of my questions
10   falsely, your false or untrue answers may later be used against
11   you in another prosecution for perjury or making a false
12   statement?
13              THE DEFENDANT:  Yes, sir.
14              THE COURT:  Tell me your full name, please.
15              THE DEFENDANT:  Leonardo R. Fernandez.
16              THE COURT:  How old are you?
17              THE DEFENDANT:  32.
18              THE COURT:  How far did you go in school?
19              THE DEFENDANT:  Tenth grade.
20              THE COURT:  Are you a citizen of the United States?
21              THE DEFENDANT:  Yes, your Honor.
22              THE COURT:  Are you able to speak and understand
23   English?
24              THE DEFENDANT:  Yes, your Honor.
25              THE COURT:  Are you now or have you recently been
```

K175ferP                        plea

 1    under the care of a doctor or a psychiatrist?

 2                THE DEFENDANT:  No, your Honor.

 3                THE COURT:  Have you ever been treated or hospitalized

 4    for any mental illness or any type of addiction including drug

 5    or alcohol addiction?

 6                THE DEFENDANT:  Yes, your Honor.

 7                THE COURT:  Please tell me about that, please.  Let's

 8    break it down.  Have you ever been treated or hospitalized for

 9    any mental illness?

10                THE DEFENDANT:  No, your Honor.

11                THE COURT:  Have you been treated or hospitalized for

12    addiction, either to alcohol or drugs?

13                THE DEFENDANT:  I have been treated for addiction.

14                THE COURT:  Okay.

15                THE DEFENDANT:  Drugs.

16                THE COURT:  And when was the last time that you were

17    treated?

18                THE DEFENDANT:  2018.

19                THE COURT:  Is there anything about your use of drugs

20    or your treatment for drug addiction that interferes with your

21    ability to understand these proceedings and to consult with

22    your lawyer?

23                THE DEFENDANT:  No, your Honor.

24                THE COURT:  In the past 24 hours have you taken any

25    drugs, medicine, or pills, or have you drunk any alcohol?

K175ferP                        plea

1              THE DEFENDANT:  No, your Honor.

2              THE COURT:  Is your mind clear today?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  Are you feeling all right today?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  Do either counsel have any doubt as to the

7       defendant's competence to plead at this time?

8              MS. PORTLOCK:  No, your Honor.

9              MR. DEL VALLE:  No, your Honor.

10             THE COURT:  Mr. Fernandez, Mr. Del Valle your lawyer

11      has informed me that you wish to enter a plea of guilty to

12      Count One of the indictment.  Is that what you wish to do?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  Have you had a full opportunity to discuss

15      your case with Mr. Del Valle and to discuss the consequences of

16      entering a plea of guilty?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  Are you satisfied with Mr. Del Valle and

19      his representation of you?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  On the basis of Mr. Fernandez' responses

22      to my questions and my observations of his demeanor, I find

23      that he is fully competent to enter an informed plea at this

24      time.

25             Now, Mr. Fernandez, before I accept any plea from you

K175ferP                         plea

1    I'm going to be asking you certain questions.  My questions are

2    intended to satisfy me that you wish to plead guilty because

3    you are in fact guilty and that you fully understand the

4    consequences of your plea and, furthermore, that you are

5    pleading guilty knowingly and voluntarily and that there is an

6    independent basis, in fact, for your plea.

7              Do you understand that?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  I am now going to describe to you certain

10   rights that you have under the Constitution and laws of the

11   United States, which rights you will be giving up if you enter

12   a plea of guilty.  Please listen to me very carefully.  If

13   there is anything that I say that you don't understand, please

14   ask me to stop and either or Mr. Del Valle will explain it to

15   you more fully.

16             All right?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  All right.

19             Mr. Fernandez, under the Constitution and laws of the

20   United States you have a right to a speedy and public trial by

21   a jury on the charges against you which are contained in the

22   indictment.

23             Do you understand that?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  If there were a trial, you would be

K175ferP                         plea

1   presumed to be innocent and the government would be required to

2   prove you guilty by competent evidence and beyond a reasonable

3   doubt.  You would not have to prove that you were innocent at

4   trial.

5            Do you understand that?

6            THE DEFENDANT:  Yes, your Honor.

7            THE COURT:  If there were a trial, a jury composed of

8   12 people selected from this district would have to agree

9   unanimously that you were guilty.

10            Do you understand that?

11            THE DEFENDANT:  Yes, your Honor.

12            THE COURT:  If there were a trial, you would have the

13   right to be represented by a lawyer and if you could not afford

14   a lawyer, a lawyer would be provided to you free of cost.

15            Do you understand that?

16            THE DEFENDANT:  Yes, your Honor.

17            THE COURT:  In fact, Mr. Fernandez, you have a right

18   to be represented by a lawyer at trial and at every other stage

19   of the proceedings against you, and if you cannot afford a

20   lawyer, a lawyer would be provided to you free of cost.

21            Do you understand that?

22            THE DEFENDANT:  Yes, your Honor.

23            THE COURT:  If there were a trial, you would have the

24   right to see and hear all of the witnesses against you and your

25   attorney could cross-examine them.  You would have a right to

1    have your attorney object to the government's evidence and

2    offer evidence on your behalf, if you so desired; and you would

3    have the right to have subpoenas issued or other compulsory

4    process used to compel witnesses to testify in your defense;

5    and, you would not be required to testify.

6                    Do you understand all of that?

7                    THE DEFENDANT:  Yes, your Honor.

8                    THE COURT:  If there were a trial, you would have the

9    right to testify if you wanted to, but no one could force you

10   to testify if you didn't want to.  And, furthermore, no

11   inference or suggestion of guilt could be drawn if you chose

12   not to testify at trial.

13                   Do you understand that?

14                   THE DEFENDANT:  Yes, your Honor.

15                   THE COURT:  Mr. Fernandez, do you understand each and

16   every one of the rights that I have described to you?

17                   THE DEFENDANT:  Yes, your Honor.

18                   THE COURT:  Do you have any questions about any of

19   those rights?

20                   THE DEFENDANT:  No, your Honor.

21                   THE COURT:  Do you understand that by entering a plea

22   of guilty today, you are giving up each and every one of those

23   rights, that you are waiving those rights, and that you will

24   have no trial?

25                   THE DEFENDANT:  Yes, your Honor.

K175ferP                         plea

1           THE COURT:  Do you understand that you can change your

2    mind right now and refuse to enter a plea of guilty?  You don't

3    have to enter this plea if you don't want to for any reason at

4    all.

5           Do you understand that completely?

6           THE DEFENDANT:  Yes, your Honor.

7           THE COURT:  Now, Mr. Fernandez, you have received a

8    copy of the indictment against you; is that correct?

9           THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  And have you read it?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  Did you discuss it with your lawyer?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Do you understand what you were charged

15   with in the indictment?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Now, I understand that you wish to enter a

18   plea of guilty to Count One of the indictment.  Do you

19   understand that if you did not plead guilty, the government

20   would be required to prove each and every part or element of

21   Count One, the government would be required to prove each and

22   every part or element of the crime charged in Count One beyond

23   a reasonable doubt, at trial?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  Let me go over Count One with you, just to

K175ferP                          plea

1    make sure that I satisfy myself that you understand what you

2    are charged with and what the government would have to prove

3    beyond a reasonable doubt and what the maximum sentence is for

4    Count One.

5           Count One alleges, in substance, that on or about

6    December 18, 2018, in the Southern District of New York,

7    Leonardo Fernandez, the defendant, intentionally and knowingly,

8    did distribute and possess with intent to distribute a

9    controlled substance in violation of Title 21, United States

10   Code, Section 841(a)(1).  The controlled substance involved in

11   the offense was mixtures and substances containing a detectable

12   amount of cocaine base in violation of Title 21, United States

13   Code, Section 841(b)(1)(C).  All of this in violation of Title

14   21, United States Code, Sections 812, 841(a)(1) and

15   841(b)(1)(C).

16          Do you understand that's what you are charged with in

17   Count One of the indictment?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  Do you understand that if you did not

20   plead guilty, the government would be required to prove beyond

21   a reasonable doubt, at trial:

22          First, that on or about December 18, 2018, you

23   possessed a controlled substance and either distributed the

24   controlled substance or had the intent to distribute the

25   controlled substance;

K175ferP                    plea

1          Second, that you, the defendant, did so unlawfully,

2     intentionally and knowingly; and

3          Third, that the substance involved was in fact

4     cocaine.

5          Do you understand the substance was mixtures and

6     substances containing a detectable amount of cocaine base --

7     and cocaine base is commonly known as crack.

8          Do you understand the government would be required to

9     prove all of that beyond a reasonable doubt at trial?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Do you understand that the maximum penalty

12     for the crime alleged in Count One is a maximum term of 20

13     years in prison, a mandatory minimum term of three years'

14     supervised release, a maximum term of supervised release of

15     life, a maximum fine of the greatest of $1 million or twice the

16     gross pecuniary gain derived from the offense or twice the

17     gross pecuniary loss to persons other than yourself as a result

18     of the offense, and a mandatory $100 special assessment?

19          Do you understand that's the maximum penalty as well

20     as the mandatory minimum term of supervised release for the

21     crime to which you are entering a plea of guilty?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Do you understand that when I talk about

24     supervised release, supervised release means that you will be

25     subject to monitoring when you are released from prison and

K175ferP                          plea

1      that the monitoring is to be under terms and conditions which

2      could lead to re-imprisonment without a jury trial if you

3      violate them?

4                   THE DEFENDANT:  Yes, your Honor.

5                   THE COURT:  Do you understand that if you violated the

6      terms of supervised release and were sentenced to prison, you

7      could be sentenced to prison for the entire term of supervised

8      release without any credit for any time you had already spent

9      on supervised release?

10                  THE DEFENDANT:  Yes, your Honor.

11                  THE COURT:  Do you understand that as part of your

12     sentence I can also order restitution to any person injured as

13     a result of your criminal conduct?

14                  THE DEFENDANT:  Yes, your Honor.

15                  THE COURT:  The indictment also contains a forfeiture

16     allegation in which the government seeks to have you forfeit

17     any and all property, constituting or derived from any proceeds

18     that you obtained, directly or indirectly as a result of the

19     offense charged in Count One, and any and all property, used or

20     intended to be used, in any manner or part, to commit and to

21     facilitate the commission of that offense, including but not

22     limited to a sum of money in United States currency

23     representing the amount of proceeds traceable to the commission

24     of that offense?

25                  Do you understand that?

K175ferP                        plea

1              THE DEFENDANT:  Yes, your Honor.

2              THE COURT:  So, do you understand that as part of your

3      sentence I can also order forfeiture?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Do you also understand that if I accept

6      your guilty plea and adjudge you guilty, that adjudication may

7      deprive you of valuable civil rights such as the right to vote,

8      the right to hold public office, the right to serve on a jury,

9      and the right to possess any kind of firearm?

10              THE DEFENDANT:  Yes, your Honor.

11              THE COURT:  Now, Mr. Fernandez, under current law

12      there are sentencing guidelines that judges must consult in

13      determining your sentence.  You have spoken to Mr. Del Valle

14      about the sentencing guidelines, haven't you?

15              THE DEFENDANT:  Yes, your Honor.

16              THE COURT:  Do you understand that I, as the

17      sentencing court, will not be able to determine your guideline

18      sentence until after the Probation Department has completed a

19      presentence report and after you and your lawyer and the

20      government have had an opportunity to review that report, to

21      challenge anything contained in the report, and to bring those

22      challenges to my attention?

23              Do you understand that?

24              THE DEFENDANT:  Yes, your Honor.

25              THE COURT:  Do you also understand that even after it

K175ferP                         plea

1    is determined what the basic guideline sentencing range is in

2    your case I have the authority, in some circumstances, to

3    depart upward or downward from the sentence that is otherwise

4    called for in the guidelines in determining the correct

5    guideline sentencing range in your case?

6              Do you understand that?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  And even after I have made that

9    determination of the guideline sentencing range in your case,

10   taking into account any upward or downward departures, I must

11   then consult other statutory factors to make a final

12   determination of what the appropriate and reasonable sentence

13   is in your case.

14             Do you understand that?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  Do you also understand that if you are

17   sentenced to prison, parole has been abolished and you will not

18   be released any earlier on parole?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  Do you understand that if your lawyer or

21   anyone else has attempted to estimate or predict what your

22   sentence will be, that their estimate or prediction could be

23   wrong?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  No one, Mr. Fernandez, not your lawyer,

K175ferP                          plea

1   not the government -- no one -- can nor should give you any

2   assurance of what your sentence will be since that sentence can

3   only be determined after the Probation Department has completed

4   the presentence report, after I have ruled on any challenges to

5   the report, and after I have determined what the appropriate

6   and reasonable sentence is in your case.

7           Do you understand that?

8           THE DEFENDANT:  Yes, your Honor.

9           THE COURT:  Do you also understand that even if your

10  sentence is different from what your lawyer or anyone else told

11  you that it might be, or if it is different from what you

12  expect it to be, you will still be bound by your guilty plea

13  and you will not be allowed to withdraw your plea of guilty?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Now, Mr. Fernandez, as you heard at the

16  outset, I have been given the plea agreement, the October 30

17  letter to your lawyer from the government, I have marked it as

18  Court Exhibit 1, it appears to be signed by government lawyers

19  and by you and your lawyer today, the government lawyers signed

20  it earlier.  But, you and your lawyer appear to have signed it

21  today, January 7th.  I don't know when the government lawyers

22  signed it but your signature is dated today, as is your

23  lawyer's.

24          Have you signed this plea agreement?

25          THE DEFENDANT:  Yes, your Honor.

K175ferP                    plea

1           THE COURT:  Did you read the agreement before you

2    signed it?

3           THE DEFENDANT:  Yes, your Honor.

4           THE COURT:  Did you discuss it with your lawyer before

5    you signed it?

6           THE DEFENDANT:  Yes, your Honor.

7           THE COURT:  Did you fully understand the agreement

8    before you signed it?

9           THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  Does this letter agreement constitute your

11   complete and total understanding of the entire agreement

12   between the government, your lawyer, and you?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Is everything that you understand about

15   your plea and your sentence contained in this plea agreement?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Has anything been left out?

18          THE DEFENDANT:  No, your Honor.

19          THE COURT:  Has anyone offered you any inducements, or

20   threatened you, or forced you to plead guilty or to enter into

21   this plea agreement?

22          THE DEFENDANT:  No, your Honor.

23          THE COURT:  There is a provision of the plea agreement

24   which provides that the defendant will not file a direct appeal

25   nor bring a collateral challenge, including but not limited to

K175ferP                          plea

1    an application under Title 28, United States Code, Section 2255

2    and/or Section 2241 of any sentence within or below the

3    stipulated guidelines range of 151 to 188 months' imprisonment.

4              Do you understand that?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  So, do you understand that if I sentence

7    you to 188 months' imprisonment or less, you have given up your

8    right to appeal any such sentence, to challenge any such

9    sentence in any proceeding including any habeas corpus

10   proceeding?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  The agreement also provides that you will

13   not appeal any term of supervised release that is less than or

14   equal to the statutory maximum, that you will not appeal any

15   fine that is less than or equal to $1 million, and you will not

16   appeal any special assessment that is less than or equal to

17   $100.

18             Do you understand that?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  Do you also understand that the Court is

21   not bound by the plea agreement or by any of the provisions in

22   the plea agreement?  The Court must make an independent

23   determination of the appropriate sentence in your case, and

24   even if that determination differs from anything that's

25   contained in the plea agreement, you will still be bound by

K175ferP                      plea

1      your guilty plea and you will not be allowed to withdraw your

2      plea of guilty.

3                  Do you understand that?

4                  THE DEFENDANT:  Yes, your Honor.

5                  THE COURT:  Mr. Del Valle, do you know of any valid

6      defense that would prevail at the trial of Mr. Fernandez?

7                  MR. DEL VALLE:  No, your Honor.

8                  THE COURT:  Do you know of any reason why

9      Mr. Fernandez should not be permitted to plead guilty?

10                 MR. DEL VALLE:  No, your Honor.

11                 THE COURT:  Mr. Fernandez, please tell me what you did

12     in connection with the crime to which you are entering a plea

13     of guilty.

14                 THE DEFENDANT:  On or about December 18, 2018, in the

15     Bronx, I sold crack cocaine to an undercover officer.  When I

16     did this, I knew that what I was doing was illegal.

17                 I am very sorry for what I have done.

18                 THE COURT:  Okay.  When you sold the crack to the

19     undercover agent, did you know that what you were doing was

20     wrong and illegal?

21                 THE DEFENDANT:  Yes, sir.  Yes, your Honor.

22                 THE COURT:  Does the government want me to ask any

23     other questions of the defendant?

24                 MS. PORTLOCK:  No, your Honor.

25                 THE COURT:  Ms. Portlock, please tell me what the

K175ferP                    plea

1   government's evidence would be at trial.

2          MS. PORTLOCK:  Yes, your Honor.

3          If this case proceeded to trial, the government's

4   evidence would consist of the witness testimony including

5   testimony of chemists who conducted laboratory analysis of the

6   drugs the defendant sold, physical evidence including the

7   actual narcotics, as well as video worn by the undercover

8   capturing that particular buy on December 18, 2018.

9          THE COURT:  In the Bronx?

10          MS. PORTLOCK:  Yes, your Honor.

11          THE COURT:  And would the government's evidence

12   establish the defendant's guilt beyond a reasonable doubt?

13          MS. PORTLOCK:  Yes, your Honor.

14          THE COURT:  Mr. Fernandez, how do you plead to the

15   charge against you in Count One of the indictment; guilty or

16   not guilty?

17          THE DEFENDANT:  Guilty.

18          THE COURT:  Are you pleading guilty because you are in

19   fact guilty?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  Are you pleading guilty voluntarily and of

22   your own free will?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  Before I finally accept the defendant's

25   plea, Mr. Del Valle, do you want me to ask any other questions

K175ferP                          plea

1   of the defendant?

2                MR. DEL VALLE:  No.  Thank you, your Honor.

3                THE COURT:  Do you know of any reason why I should not

4   accept his plea?

5                MR. DEL VALLE:  I do not, your Honor.

6                THE COURT:  Ms. Portlock, does the government want me

7   to ask any other questions of the defendant?

8                MS. PORTLOCK:  No, your Honor.

9                THE COURT:  Does the government know of any reason why

10  I should not accept this plea?

11               MS. PORTLOCK:  No, it does not, your Honor.

12               THE COURT:  Mr. Fernandez, because you acknowledge

13  that you are guilty as charged in Count One of the indictment,

14  because I find that you know your rights and are waiving them

15  knowingly and voluntarily, because I find that your plea is

16  entered knowingly and voluntarily and is supported by an

17  independent basis in fact containing each of the essential

18  elements of the offense, I accept your guilty plea and I

19  adjudge you guilty of the offense to which you have pleaded.

20               Mr. Fernandez, the Probation Department will now

21  prepare the presentence report to assist me in sentencing.  You

22  will be interviewed by the Probation Department.  It is very

23  important that the information you provide to the Probation

24  Department be truthful and accurate.  The presentence report is

25  very important to me in my decision as to what your sentence

K175ferP                          plea

1    will be.  You and your lawyer and the government will have the

2    opportunity to review the presentence report, to challenge

3    anything contained in the report, and then you and your lawyer

4    and the government will have the opportunity to speak at your

5    sentencing.

6             Let me get a sentencing date for you.

7             THE DEPUTY CLERK:  April 17th, 10:00.

8             THE COURT:  April 17, at 10:00 a.m., for sentence.

9             Is that satisfactory for both sides?

10            MR. DEL VALLE:  Yes, your Honor.

11            MS. PORTLOCK:  Yes, your Honor.

12            THE COURT:  I would ask for the defense submissions 14

13   days before sentence, and the government's submission eight

14   days before sentence.

15            MR. DEL VALLE:  Yes, your Honor.

16            THE COURT:  Okay.  Anything further?

17            MS. PORTLOCK:  Not from the government, your Honor.

18   Thank you.

19            MR. DEL VALLE:  Nothing further from the defendant.

20   Thank you, your Honor.

21            THE COURT:  All right.  I am returning Court Exhibit 1

22   to the government.

23            MS. PORTLOCK:  Thank you.

24            THE COURT:  All right.  Good morning, all.

25                                o0o