

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 2, 2020

**BY CM/ECF**

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

  Re: *United States v. Leonardo Fernandez*, 19 Cr. 267 (JGK)

Dear Judge Koeltl:

  The defendant in the above-captioned case is scheduled to be sentenced on December 21, 2020 at 10:00 a.m.  For the reasons set forth below, the Government believes that a sentence within the stipulated Guidelines range of 151 to 188 months' imprisonment would be sufficient, but not greater than necessary, to meet the purposes of sentencing.

  **I. Offense Conduct**

  As described in the Presentence Investigation Report ("PSR"), law enforcement agents from the New York City Police Department conducted a series of controlled buys of crack cocaine from the defendant between December 18, 2018 and March 19, 2019 in the Claremont neighborhood of the Bronx.  (PSR ¶¶ 2-10).  Most of the sales took place in public places, like a laundromat located at 301 East 170th Street in the Bronx.  (PSR ¶¶ 18-25).  The total amount of crack cocaine purchased from the defendant was approximately 6.59 grams.  (PSR ¶ 16).

  On April 16, 2019, an indictment was filed charging the defendant with 9 counts of distribution and possession with intent to distribute crack cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C).  (PSR ¶ 1).  The defendant was arrested on April 17, 2019.  (PSR ¶ 26).

  **II. The Defendant's Plea and Applicable Guidelines Range**

  On January 7, 2020, the defendant pleaded guilty to Count One of the Indictment, which charged the defendant with distribution and possession with intent to distribute crack cocaine on December 18, 2018.  (PSR ¶ 12).  Pursuant to U.S.S.G. § 4B1.1, the plea agreement stipulated that the defendant qualifies as a career offender because he was at least 18 years old when he committed

the instant offense, the instant offense of conviction is a felony that is a controlled substance offense, and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Pursuant to U.S.S.G. § 4B1.1(b), the plea agreement stipulated that the Guidelines range is the greater of (a) the offense level set forth in the chart in that section, or (b) the offense level otherwise applicable. Pursuant to U.S.S.G. §4B1.1(b)(3), the plea agreement stipulated than the offense level is 32 because the offense statutory maximum is 20 years or more, but less than 25 years. Pursuant to U.S.S.G. § 2D1.1, the plea agreement stipulated that the base offense level is 16 because the offense involved at least 5.6 grams but less than 11,2 grams of crack cocaine. Because the offense level under the chart in U.S.S.G. § 4B1.1(b) is greater than the offense level otherwise applicable, the offense level for Count One is 32. Assuming a three-level reduction due to the defendant's acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, the plea agreement stipulated a total offense level of 29. The plea agreement also stipulated that the defendant had 11 criminal history points, resulting in a Criminal History Category of V. Pursuant to U.S.S.G. § 4B1.1, however, the plea agreement stipulated that the applicable Criminal History Category for the defendant is VI. As a result, the plea agreement stipulated that the Guidelines range was 151 to 188 months' imprisonment.

In the PSR, prepared on June 5, 2020, the Probation Office also found that the Guidelines range was 151 to 188 months' imprisonment. (PSR ¶¶ 31-52, 76).

### III. Discussion

#### A. Applicable Law

Although *United States* v. *Booker* held that the Guidelines are no longer mandatory, it also held that they remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. 543 U.S. 220, 264 (2005). As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall* v. *United States*, 552 U.S. 38, 49 (2007).

After that calculation, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available;" (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants;" and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(1)-(7). *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

>  (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>  (B)  to afford adequate deterrence to criminal conduct;
>  (C)  to protect the public from further crimes of the defendant; and

> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

### B. A Sentence Within the Guidelines Range is Reasonable in this Case.

The Government submits that a sentence within the Guidelines range of 151 to 188 months' imprisonment is sufficient in this case to reflect the seriousness of the defendant's conduct, promote respect for the law, and provide just punishment for the offense.

At the outset, a substantial term of incarceration is necessary to reflect the seriousness of the defendant's conduct and promote respect for the law. Between December 2018 and March 2019, the defendant conducted approximately nine sales of crack cocaine to an undercover law enforcement officer in a residential neighborhood in the Bronx. These sales ranged from 0.25 grams to 1.17 grams of crack cocaine, for a total of over 6.5 grams of crack cocaine. Undoubtedly, these sales would have continued if the defendant had not been arrested. The defendant's participation in the sale of dangerous drugs is extremely serious criminal conduct, and a substantial term of imprisonment is necessary to reflect the harm to the community caused by drug trafficking.

A sentence within the Guidelines range of 151 to 188 months' imprisonment is also necessary to reflect the defendant's criminal history. The Government recognizes that the application of U.S.S.G. § 4B1.1 (Career Offender) dramatically increases the Guidelines range here—essentially increasing the offense level by 16 points and increasing the applicable Guidelines range from 33 to 41 months' imprisonment (without the application of U.S.S.G. § 4B1.1) to 151 to 188 months' imprisonment. But the Government respectfully submits that the defendant's criminal history falls squarely into the category of career criminals that the Comprehensive Crime Control Act contemplated in ordering the promulgation of U.S.S.G. § 4B1.1. The defendant is now 33 years old, and his criminal history includes 8 adult criminal convictions and a juvenile adjudication dating back to February 2003. The defendant's criminal history includes both (1) crimes involving violent behavior, including a non-fatal shooting that resulted in a conviction for Assault in the First Degree in March 2009 and juvenile adjudication for Robbery in the Second Degree in October 2003; and (2) crimes involving the distribution of dangerous drugs, including two March 2009 convictions for Criminal Sale of a Controlled Substance in the Third Degree and a November 14, 2008 conviction for Criminal Possession of a Controlled Substance in the Seventh Degree. Many of these crimes occurred while the defendant was subject to court supervision—Indeed, the defendant was on parole while he committed the crimes in this case.

As a result of his criminal convictions, the defendant has been sentenced to lengthy terms of imprisonment, including most recently a term of 6 years' imprisonment imposed in March 2009. But when the defendant was released from custody, the defendant returned to drug trafficking instead of seeking legitimate employment. According to the PSR, the defendant was only employed for a fraction of the time that he was on parole after being released from custody in May 2014. (PSR ¶¶ 71-72). The Probation Officer similarly recommends a sentence of 151 months' imprisonment after finding that the defendant has been "known to both probation and parole

supervision and made poor adjustments." (PSR at 19). As a result, the defendant has demonstrated that he is either unwilling or unable to refrain from committing dangerous and violent crimes while released in the community. *See* U.S.S.G. § 4B1.1 (Introductory Commentary) ("To protect the public from further crimes of the particular defendant, the likelihood of recidivism and future criminal behavior must be considered. Repeated criminal behavior is an indicator of a limited likelihood of successful rehabilitation."). As a result, the Government respectfully submits that a sentence within the Guidelines range is necessary here for public safety and to promote respect for the law.

## V. Conclusion

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence within the Guidelines range of 151 to 188 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By:    /s/ Andrew K. Chan
Andrew K. Chan
Assistant United States Attorney
(212) 637-1072

cc: Telesforo Del Valle, Esq.