# *TELESFORO DEL VALLE, JR.*
## ATTORNEY AT LAW

445 Park Avenue
New York, New York 10022
tdvesq@aol.com

(212) 481-4853                                                        Fax (212) 481-4853

December 9, 2020

The Honorable John G. Koeltl
Senior United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

                         Re:  <u>USA v. Leonardo Fernandez</u>
                              19 Cr. 267 (JGK)

Dear Judge Koeltl:

     I am the attorney for the defendant, Mr. Leonardo Fernandez, in the above captioned matter.  Mr. Fernandez is scheduled to be sentenced, before your Honor, on Monday, December 21, 2020 at 10:00am.  We respectfully submit this letter in anticipation of sentence on behalf of the defendant Mr. Leonardo Fernandez.

     In *United States v. Booker,* 543 U.S. 220 (2005), the Court found the United States Sentencing Guidelines effectively advisory, *Id;* instead of being bound by the United States Sentencing Guidelines.  The Sentencing Reform Act, as revised by *Booker*, requires a sentencing court to consider Guideline ranges, *see* 18 U.S.C. Section 3553(a)(4), but it permits to tailor the sentence in light of other statutory concerns as well; see Section 3553(a). *Booker,* 543 U.S. at _, 125 S. Ct., at 757.  Thus, under *Book-*

*er*, sentencing courts must treat the Guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. Section 3553(a).

The primary directive of Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2."

Section 3553(a)(2) states that such purposes are:

- (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- (B) To afford adequate deterrence to criminal conduct;
- (C) To protect the public from further crimes of the defendant; and
- (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, Section 3553(a) further directs sentencing courts to consider the following factors:

- (1) The nature and circumstances of the offense, and the history and characteristics of the defendant;
- (2) The kinds of sentences available;
- (3) The need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct; and
- (4) The need to provide restitution to any victims of the offense.

18 U.S.C. § 3553.

Other statutory sections also give the District Court direction in sentencing. Under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following limitation.

In determining whether, and to what extent, imprisonment is appropriate based on the Section 3553(a) factors, the sentencing judge is required to "recognize that imprisonment is *not* an appropriate means of promoting correction and rehabilitation." Emphasis added.

In the present case the following facts should be considered in determining what type of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

Mr. Leonardo Fernandez is 33 years old.  He was arrested on April 17, 2019.  He has been in federal custody since the day of his arrest.

On January 7, 2020, Mr. Leonardo Fernandez pled guilty pursuant to a plea agreement, to Count 1 of this Indictment; possessing and distributing a detectable amount of cocaine base, for the total amount of 6 grams, in violation of 21USC 841 (B)(1)(C).

Mr. Leonardo Fernandez was born on August 6, 1987 in Accomack, Virginia.  His parents separated when he was 3 years old.  Mr. Leonardo Fernandez then was left to live with his grandmother.  While living with his grandmother, he had no contact with his mother; he did have regular, daily, contact with his father.  Mr. Fernandez's mother was addicted to drugs and could not care for her children.  When Mr. Leonardo Fernandez was 5 years old his grandmother died.  He was then left to be raised by a step mother. Mr. Fernandez's mother stopped using drugs by the time he was 17 years old, but he still does not have a close relationship with her.

Mr. Leonardo Fernandez started drinking alcohol and smoking marijuana since the early age of 15. By the time he was 17 he was drinking alcohol on a daily basis. Mr. Leonardo Fernandez dropped out of High School at tenth grade. He was presently working towards his GED while being in the Metropolitan Detention Center, until all these programs were suspended since October due to COVID-19 concerns. The conditions at the Metropolitan Detention Center in Brooklyn have been especially onerous for the past year. All the detainees have been subjected to 22 hour daily lock downs. Absolutely no visits from family, very until recently very limited personal visits by defense lawyers, and suspension of programs until further notice.

Prior to being incarcerated Mr. Fernandez had worked as a maintenance cleaner in a pizzeria in the Bronx and as his father's home attendant. His father is 67 years old and is a quadruple amputee who is dependent on home attendants for his care. Mr. Fernandez has an excellent relationship with his father and is very concerned about his health and well being.

Mr. Leonardo Fernandez has an 11 year old daughter, who was abandoned by her mother whose whereabouts are unknown. Mr. Fernandez had provided for her financially and had frequent contact with his daughter, who presently lives with her maternal grandmother. He also has maintained a very good and close relationship with his half sisters and disabled brother.

Mr. Fernandez has a criminal history from the years that he was 15 to 20 years old. This past history has come to haunt him now that he faces a Federal Sentence for an offense that does not carry a mandatory minimum under the statute.

Since the moment of his arrest, Mr. Fernandez has been thinking about his past mistakes, and has accepted responsibility for his acts that led him to the instant case. He has expressed a great deal of remorse for what he has done and has repeatedly stated how ashamed he feels.

There is no doubt that Mr. Fernandez understands the seriousness of his offense, and the result his criminal conduct has had upon his family, his freedom. Mr. Fernandez is deeply remorseful for his conduct and is repentant of his actions. He has stated that when finally released from prison he wishes to get a respectable job so that he can raise his daughter properly and care for his disabled father.

We respectfully submit that a sentence below the sentencing guidelines recommendation will sufficiently deter Mr. Fernandez from engaging in any future criminal conduct. It will also reflect the seriousness of the offense, promote respect for the law, protect the community, satisfy the sentencing needs for general deterrence, and as well be sufficient, but not greater than necessary.

Respectfully submitted,

*Telesforo Del Valle, Jr.*

Telesforo Del Valle Jr., Esq.
Attorney for Leonardo Fernandez
Defendant

Cc: A.U.S.A. Andrew K. Chan, Esq.