

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 14, 2024

**BY ECF**

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> **Re:**    ***United States v. Leonardo Fernandez*, 19 Cr. 267 (JGK)**

Dear Judge Koeltl:

The Government respectfully submits this letter in the above-captioned matter in response to Defendant Leonardo Fernandez's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).  (Dkt. No. 45).  The defendant's motion seeks a sentence reduction through the retroactive application of United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") Amendment 821, which took effect on November 1, 2023.  Here, the motion rests on the following portion of Amendment 821:

- Part A, which alters a provision of the Guidelines that applies additional criminal history points, commonly referred to as "status points," for offenders who committed their offense while subject to a criminal justice sentence

A defendant is generally eligible for potential relief if, as a result of Amendment 821, the defendant's amended Guidelines range is lower than the range that applied at the defendant's original sentencing, *and if* the defendant did not already receive a sentence lower than the amended range on any ground other than substantial assistance.

For the reasons set forth below, the defendant's motion should be DENIED.

Section 3582(c)(2), which governs the defendant's motion, "establishes a two-step inquiry. A court must first determine that a reduction is consistent with Section 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).  Under application note 1(A) to Section 1B1.10: "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)."  Additionally, § 1B1.10(b)(1)

instructs courts considering sentencing reduction motions to "substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and *shall leave all other guideline application decisions unaffected.*" (emphasis added).

The defendant does not qualify for relief under Amendment 821 because the Court found at the defendant's sentencing that he was a career offender pursuant to U.S.S.G. § 4B1.1.  (*See* PSR at ¶ 37. 49-52).  Because of the defendant's status as a career offender, his Criminal History Category was VI, regardless of how many criminal history points the defendant otherwise would have.  As a result, even after the passage of Amendment 821, the defendant's Guidelines range remains unchanged.  For this reason, the defendant does not qualify for a reduction in his sentence under Amendment 821.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s/_____
Andrew K. Chan
Assistant United States Attorney
(212) 637-1072

cc:    Leonardo Fernandez (by mail)