

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

July 15, 2024

**BY CM/ECF**
The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Leonardo Fernandez*, 19 Cr. 267 (JGK)

Dear Judge Koeltl:

    At the Court's request, the Government submits this letter in response to Defendant Leonardo Fernandez's argument in his June 18, 2024 submission that he is entitled to a reduction in sentence based on Amendment 821 because he should not have been sentenced as a career offender. (Docket No. 49).

    The defendant is not entitled to relitigate his career offender status at this juncture under U.S.S.G. § 1B1.10(b)(1), which instructs courts considering reduction motions filed under 18 U.S.C. § 3582(c)(2) to "substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and *shall leave all other guideline application decisions unaffected.*" (emphasis added). For this reason, the Court should not consider whether the defendant would still be a career offender if he were to be resentenced today, or any other intervening changes in the Guidelines or the caselaw interpreting particular Guidelines provisions.[1]

                          Respectfully submitted,

                          DAMIAN WILLIAMS
                          United States Attorney

                  By: /s/
                          Andrew K. Chan
                          Assistant United States Attorney
                          (212) 637-1072

cc:    Leonardo Fernandez (by mail)

---

[1] In light of Second Circuit cases clarifying that Criminal Sale of a Controlled Substance in the Third Degree, in violation of New York Penal Law § 220.39(1), is not a "controlled substance" offense for purposes of the Armed Career Criminal Act ("ACCA"), *see United States v. Minter*, 80 F.4th 406, 407 (2d Cir. 2023), the Government concedes that the defendant would likely not be classified as a "career offender" pursuant to U.S.S.G. § 4B1.1, applying the Second Circuit's most recent caselaw on this issue.