UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA

        - against -

LEONARDO FERNANDEZ,

               Defendant.

───────────────────────────────

19-cr-267 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

    The defendant, Leonardo Fernandez, has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). Def.'s Mot, ECF No. 45. The defendant claims that he is entitled to a reduction in his sentence based on a retroactive application of Amendment 821. See id. at 1. The defendant claims that he should have received only one status point for having committed the offense of conviction while under a criminal justice sentence and having seven or more criminal history points. See id. Prior to the effective date of Amendment 821 on November 1, 2023, two criminal history points would have been assessed for having committed the offense of conviction while under a criminal justice sentence. See id.

    However, the change effected by Amendment 821 would not have affected the defendant's sentence. The defendant pleaded guilty on January 7, 2020, pursuant to a plea agreement, to one count of having distributed and possessed with intent to distribute a detectable amount of cocaine base in violation of

1

21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C). See Plea Tr., ECF No. 24. Because the defendant qualified as a career offender, the Guideline Sentencing Range was dictated by the Career Offender Guideline in section 4B1.1 of the Sentencing Guidelines. See Presentence Investigation Report at 4, ECF No. 28. That Guideline provided for an Offense Level of 32 (reduced to 29 as a result of acceptance of responsibility) and a Criminal History Category of VI, for a Guideline Sentencing Range of 151 to 188 months. See id. at 4-5. This Court eventually sentenced the defendant principally to a sentence of 72 months' imprisonment. See Sentencing Tr. at 20, ECF No. 24.

Because the Criminal History Category was dictated by the Career Offender Guideline, the one-point reduction in the status point provision of Amendment 821 would not have reduced the defendant's Guideline calculation. Therefore, the defendant is not entitled to a reduction in his sentence pursuant to the retroactive application of Amendment 821. See U.S.S.G. § 1B1.10(b)(1) (only the amendment applied retroactively should be applied and all other guideline applications are to be unaffected).

Therefore, the defendant's application to reduce his sentence based on a retroactive application of Amendment 821 is **denied.**

2

However, the defendant raises a troubling anomaly. The defendant was characterized as a career offender based on the fact that he had been convicted of "at least two prior felony convictions of either a crime of violence or a controlled substance offense." See U.S.S.G. § 4B1.1(a)(3). The prior controlled substance offense of which the defendant had been convicted was the Criminal Sale of a Controlled Substance in the Third Degree in violation of New York Penal Law § 220.39(1). However, the Government forthrightly concedes that such a conviction would no longer be counted as a qualifying controlled substance offense for purposes of the Career Offender Guideline. See Gov't Letter at 1 n.1, ECF No. 51 (citing United States v. Minter, 80 F.4th 406, 407 (2d Cir. 2023). If the defendant were not sentenced as a Career Offender, his Offense Level would have been 13 (16 minus 3 levels for acceptance of responsibility), and his Criminal History Category would have been V (even if he had received only one point for having committed the offense while under a prior criminal justice sentence), with a Guideline Sentencing Range of 30 to 37 months rather than 151 to 188 months. The effect of the Minter decision on the defendant's sentence is not properly before the Court on a motion to reduce the defendant's sentence based on a retroactive application of Amendment 821. A challenge to a sentence allegedly imposed in violation of the Constitution or laws of the United States would

normally be brought pursuant to 28 U.S.C. § 2255, but in this case such a challenge may be barred by the statute of limitations. Similarly, any challenge to the sentence may be barred by the appeal waiver in the plea agreement. In any event, the disparity in the Guideline Sentencing Range between the sentencing range pursuant to the Career Offender Guideline and the Sentencing Guideline Range without that Guideline warrants careful consideration. Therefore, the Court will appoint the Federal Defenders to assist the defendant in exploring whether there is any relief available to him at this point.

The defendant's motion for a reduction in his sentence pursuant to a retroactive application of Amendment 821 is **denied.**

**SO ORDERED.**

Dated:   New York, New York
         July 22, 2024

*[signature]*
John G. Koeltl
**United States District Judge**

4